IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL W. ELLIS, | : | |
|     Plaintiff, | : | 1:17-cv-0091 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MR. STANZIK, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

## **March 27, 2018**

Plaintiff Daniel W. Ellis ("Plaintiff" or "Ellis"), who at all times relevant, was incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on January 17, 2017, alleging that Defendants Scott Stancik ("Stancik"), Theresa Delbaso ("Delbaso"), Bernadette Mason ("Mason"), Michael Vutska ("Vutska"), and John E. Wetzel ("Wetzel") violated his Eighth and Fourteenth Amendment rights and the Americans with Disabilities Act ("ADA"). (Doc. 1).[1]

Before the Court is Defendants' motion (Doc. 15) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the Court will grant Defendants' motion.

---

[1] "Stanzik" is identified as Scott Stancik and "Vulksta" is identified as Michael Vuksta. (Doc. 16, p. 1).

I. **Allegations of the Complaint**

Ellis alleges that he was in Cell Number 12 in the mental health section of the prison facility when Defendant Stancik "sexual[ly] harassed [him], did not feed [him] and let [him] freeze all night." (Doc. 1, p. 6). He alleges that Stancik kicked his cell door and made lewd comments and sexually inappropriate gestures toward him. (*Id.* at 7). He has since been transferred to a different facility. (*Id.*)

He seeks punitive and emotional damages for cruel and unusual punishment. (*Id.*)

II. **Rule 12(b)(6) Standard of Review**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice*.*" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*

3

## III. Discussion

### A. Constitutional Claims

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Defendants Delbaso, Mason, Buksta and Wetzel

Defendants seek to dismiss the claims against Delbaso, Mason, Vuksta, and Wetzel, arguing that Ellis fails to allege that they were personally involved in the alleged unconstitutional conduct. (Doc. 16, p. 10). Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in

the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

With the exception of the statement that he wrote to Secretary Wetzel, the complaint is bare of allegations of personal involvement on the part of Delbaso, Mason, Vuksta or Wetzel. All indications are that Ellis attempts to impose liability on these Defendants, not because they had any direct involvement in the alleged unconstitutional conduct, but, rather, either because of their supervisory role or due to the manner in which they handled his prison grievances and complaints. A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in

the underlying allegedly unconstitutional conduct. *See Rode*, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006); *see also Croom v. Wagner*, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pennsylvania Dept. of Corrections*, No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Hence, the claims against Defendants Delbaso, Mason, Wetzel and Vuksta, which appear to solely arise out of the alleged failure of Defendants to satisfactorily resolve his prison complaints and grievances concerning the conduct of Defendant Stancik, will be dismissed.

2. Defendant Stancik

Ellis alleges Stancik violated the cruel and unusual punishment clause of the Eighth Amendment. Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825 (1991). The Eighth Amendment prohibits conditions of confinement that violate "evolving standards of decency" or which "involve the unnecessary and wanton

6

infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). Among the guarantees associated with Eighth Amendment protection is the right to "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 832). Punishment is cruel and unusual when it inflicts unnecessary and wanton pain, including that which is totally lacking in penological justification, *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and that which is indicative of "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).

"[A]n inmate must allege both an objective element-that the deprivation was sufficiently serious-and a subjective element-that a prison official acted with a sufficiently culpable state of mind, *i.e.*, deliberate indifference." *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996) (citing *Wilson v. Setter*, 501 U.S. 294 (1991)). A deprivation is "sufficiently serious" when it results in the denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. A prison official demonstrates deliberate indifference if he knows of and disregards an excessive risk to the inmate's health or safety." *Id.*

        *a.*      *Verbal and Sexual Harassment*

Defendants seek to dismiss Ellis's claim that Stancik harassed him by making sexual gestures and lewd comments as "not actionable as a matter of law." (Doc. 16, p. 4). The use of words, no matter how violent or harsh, do not amount to a violation of the prisoner's civil rights by the officer. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (concluding verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under § 1983) *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). *See also Lewis v. Wetzel*, 153 F. Supp. 2d 678 (M.D. Pa. 2015); *Hawkins v. Brooks*, 694 F. Supp. 2d 434 (W.D. Pa. 2010); *MacLean v. Secor*, 876 F. Supp. 695, 698–99 (E.D. Pa. 1995). Simple verbal harassment, standing alone, does not constitute cruel and unusual punishment. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

"To prevail on a constitutional claim of sexual harassment, an inmate must ... prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). "Courts of appeals have held that sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction." *Chambliss v. Jones*, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (acknowledging the presence of an

8

Eighth Amendment violation when an inmate endures verbal sexual harassment from prison guards plus physical sexual assault or threats of physical sexual assault); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (noting that verbal sexual harassment without accompanying physical contact is not enough to state a claim for Eighth Amendment violation); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997) (finding that offensive remarks regarding a transsexual prisoner's appearance, lifestyle, and presumed sexual preference do not state an Eighth Amendment claim); *Morales v. Mackalm*, 278 F.3d 126, 129 (2d Cir. 2002) (concluding that a demand for sex in front of other female staff does not rise to the level of an Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (holding that severe verbal sexual harassment and intimidation are not sufficient to state a claim under the Eighth Amendment); *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (remarking that solicitation of prisoner's masturbation, even under the threat of retaliation, does not violate the Eighth Amendment)).

Ellis's claim is based solely on an isolated incident of verbal abuse and sexually inappropriate comments and gestures. The complaint is devoid of allegations of direct physical contact or pain. Consequently, the claim does not rise to the level of an Eighth Amendment violation.

### b. Conditions of Confinement

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "No static test determines whether conditions of confinement are 'cruel and unusual.' These terms must 'draw [their] meaning from the evolving standards of decency that mark the progress of a maturing society.' " *Tillery v. Owens*, 719 F. Supp. 1256, 1261 (W.D.Pa.1989) (citing *Rhodes*, 452 U.S. at 346). Conditions of prison confinement violate the Eighth Amendment only if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27(1984)). Courts have stressed the duration of the exposure to the alleged unconstitutional conditions and the "totality of the circumstances" as critical to a finding of cruel and inhumane treatment. *Rhodes*, 452 U.S. at 362–63.

### i. Deprivation of a Single Meal

The "purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation. *See Robles v. Coughlin*, 725 F.2d 12,

15 (2d Cir. 1983) (only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim)." *Lindsey v. O'Connor*, 327 F. App'x. 319, 321 (3d Cir. 2009). Rather, "[a] systematic failure to provide food in sufficient quantity to maintain normal health violates the Eighth Amendment." *Feliciano v. Burset*, No. 79-4 PG, 2010 WL 4922700 (D.P.R. Dec. 2, 2010). Isolated incidents simply do not rise to the level of a constitutional infraction. *See e.g., Gonzales v. Martinez, 892 F.2d 1046 (9th Cir. 1990*) (finding no violation when inmate denied breakfast and lunch for a three-week period but fed nutritionally adequate dinner); *Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (holding one meal per day for fifteen days provides sufficient nutrition to sustain normal health and does not offend the Constitution); *Zanders v. Ferko*, 439 F. App'x. 158, 160 (3d Cir. 2011)(finding that "the alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation).

The denial of a single meal cannot lead to the denial of sufficient nutrition in a way which shocks the conscious and departs from minimal civilized standards of life's necessities. Consequently, this claim is subject to dismissal.

      ii.  Cold Cell for One Night

The Eighth Amendment affords a right to adequate ventilation and to be free from extreme hot and cold temperatures. *Wilson v. Cook Cnty. Bd. of Comm'rs*,

878 F. Supp. 1163, 1169 (N.D. Ill. 1995). However, the Constitution does not guarantee the right to be free from all discomfort while incarcerated, *Rhodes*, 452 U.S. at 349. Therefore, "the Eighth Amendment is concerned with both the 'severity' and the 'duration' of the prisoner's exposure to inadequate cooling and ventilation. '[I]t is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional.' " *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) (internal citations omitted). "Inadequate 'ventilation and air flow' violates the Eighth Amendment if it 'undermines the health of inmates and the sanitation of the penitentiary.' *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996). Clearly, a single night in a cold cell does not rise to the level of a constitutional violation.

### B. Americans with Disabilities Act Claim

Defendants correctly note that Title II of the Americans with Disabilities Act of 1990 ("ADA"), 104 Stat. 337, 42 U.S.C. § 12131 *et seq.*, prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability, s*ee* § 12132. They argue that "[t]here are absolutely no facts supporting a plausible ADA claim, as set forth in the

Complaint…." (Doc. 16, p. 12). We agree and Ellis does not argue otherwise. Consequently, the ADA claim will be dismissed.

## IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 114 (3rd Cir. 2002). Since it is clear from Ellis's complaint that the allegations of sexual harassment and lewd inappropriate gestures, are isolated and of limited duration, and did not result in any physical contact, or pain, amendment of this claim would be futile. Likewise, the limited duration of

exposure to a cold cell compels the Court to conclude that amendment as to this claim would also be futile.

## V. <u>Conclusion</u>

Based on the forgoing, Defendants' motion (Doc. 15) to dismiss will be granted.

The Court will enter an appropriate Order.